## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAWONA DUCKSWORTH and | ) | |
| AYO ARASANMI | ) | Civil Action No. |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CLASS AND COLLECTIVE** |
| | ) | **ACTION COMPLAINT** |
| DB HEALTHCARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jawona Ducksworth ("Ducksworth") and Ayo Arasanmi ("Arasanmi") (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all others similarly situated, file this Class and Collective Action Complaint against Defendant DB Healthcare, Inc. ("DB Healthcare" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and California state law, seeking payment of unpaid overtime wages. Plaintiffs, on behalf of themselves and other similarly situated, also seek liquidated damages for the failure to pay overtime wages, as well as attorneys' fees and costs.

2.      Plaintiffs allege that they and other similarly situated consultants were knowingly and improperly classified as exempt employees, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on

personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

3.      Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant has its principal place of business in Andover, Massachusetts, in this judicial district, and therefore a substantial part of the events giving rise to Plaintiffs' claims took place in this district.

## PARTIES

6.      Plaintiff Jawona Ducksworth is an individual residing in Bay Springs, Mississippi.

7.      Plaintiff Ayo Arasanmi is an individual residing in Owings Mill, Maryland.

8.      Plaintiff Ducksworth worked for Defendant DB Healthcare as a consultant providing support and training to Defendant's clients in using a new recordkeeping system in Arizona and California between April 2014 and September 2016. Pursuant to 29 U.S.C. § 216(b), Ducksworth has consented in writing to participate in this action. *See* Ex. A.

9.      Plaintiff Arasanmi worked for Defendant providing support and training to Defendant's clients in using a new recordkeeping system in California, Arizona and Ohio between

February 2014 and April 2017. Pursuant to 29 U.S.C. § 216(b), Arasanmi has consented in writing to participate in this action. *See* Ex. B.

10.     DB Healthcare is a Massachusetts corporation which provides information technology educational services for the healthcare industry across the United States. DB Healthcare has its headquarters at 5 Germano Way, Andover, MA 01810.

11.     Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

12.     Defendant's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

13.     Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following class of potential FLSA opt-in litigants:

> All individuals who worked for DB Healthcare providing training and support to DB Healthcare's clients in using electronic recordkeeping systems in the United States from July 15, 2016 to the present and did not receive overtime for hours worked in excess of 40 a week (the "FLSA Collective").

14.     Plaintiffs reserve the right to redefine the FLSA Collective prior to notice and class certification, and thereafter, as necessary.

15.     Plaintiff Ducksworth brings Counts II-V of this lawsuit pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and the following class:

> All individuals who worked for DB Healthcare providing training and support to DB Healthcare's clients in using electronic recordkeeping systems in California from July 15, 2015 to the present and did not receive overtime for hours worked in excess of 40 a week (the "California Class").

16.     The FLSA Collective and the California Class are together referred to as the "Classes."

17.     Plaintiffs reserve the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

18.     As healthcare information technology firm, Defendant provides training and support to healthcare facilities in connection with the implementation of new electronic recordkeeping systems.

19.     Defendant employs consultants, such as Ducksworth and Arasanmi, who perform such training and support services throughout the United States.

20.     Defendant's financial results are significantly driven by the number of consultants performing training and support services for Defendant's customers, and the fees that Defendant charges the customers for these services.

21.     Between April 2014 and September 2016, Ducksworth was assigned by DB Health to provide educational and support services to healthcare staff at hospitals in California and Arizona.

22.     Between February 2014 and April 2017, Arasanmi was assigned by DB Health to provide educational and support services to healthcare staff at hospitals in California, Arizona and Ohio.

23.     Ducksworth and Arasanmi were classified by Defendant as exempt employees and were paid a set hourly rate for all hours worked. Although they routinely worked more than forty hours a week, they did not receive overtime for hours worked in excess of forty a week.

24.     Plaintiffs and Class Members often work approximately twelve (12) hours per day, seven (7) days per week during their project assignments for Defendant.

**Plaintiffs and Class Members are not Exempt as "Computer Employees" under the FLSA**

25.     Plaintiffs and Class Members provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiffs have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiffs and Class Members were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

26.     Plaintiffs' and Class Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow." Plaintiffs' and Class Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and Class Members did not analyze, consult or determine hardware, software programs or any system functional specifications for Defendant's clients. *See id.*

27.     Plaintiffs and Class Members did not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiffs and Class Members did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

28.     While Plaintiffs' and Class Members' work involved the use of computers, they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Class Members provided support and training in using electronic recordkeeping systems to Defendants' clients.

**Plaintiffs and Class Members Routinely Worked in Excess of 40 Hours a Week**

29.     Plaintiffs and Class Members routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

30.     Plaintiffs and Class Members were paid only a straight hourly rate.

31.     Plaintiffs and Class Members were not provided with overtime compensation at the rate of one and one-half (1 ½) times their regular pay rate, when they worked more than forty (40) hours per week, as required by the FLSA.

32.     Plaintiffs and Class Members were not paid on a salary basis.

**Defendant Willfully Violated the FLSA**

33.     Defendant had no reasonable basis to believe that Plaintiffs and the members of the FLSA Collective were exempt from the requirements of the FLSA.  Rather, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiffs and the FLSA Collective Members as exempt from the overtime provisions of the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act, including the following:

      a.   At all times relevant hereto, Defendant maintained payroll records which reflected the fact that Plaintiffs and the FLSA Collective Members did, in fact, regularly work in excess of 40 hours per week, and thus, Defendant had actual knowledge that Plaintiffs and the FLSA Collective Members worked overtime;

      b.   At all times relevant hereto, Defendant knew that it did not pay Plaintiffs and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

      c.   As evidenced by its own job offer letters and training materials for consultants, at

all times relevant hereto, Defendant was aware of the nature of the work performed by consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by Defendant's clients, providing basic training and support;

d.  As evidenced by its own job offer letters and training materials for consultants, Defendant knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e.  At all times relevant hereto, Defendant was aware that their consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f.  Defendant lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Defendant deliberately misclassified its consultants as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

g.  At all times relevant hereto, Defendant was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiffs and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h.  Thus, Defendant had (and has) a strong financial motive to violate the requirements

of the FLSA by misclassifying tits consultants as exempt from the overtime requirements of the FLSA.

34.     Based upon the foregoing, Defendant was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

35.     Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

36.     Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

37.     Plaintiffs and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendant's common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common misclassification, compensation and payroll practices.

38.     The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

39.     Defendant misclassified Plaintiffs and FLSA Collective Members as exempt from the overtime requirements of the FLSA and failed to provide them overtime compensation for hours worked in excess of 40 a week.

40.     The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

41.     Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## CALIFORNIA CLASS ACTION ALLEGATIONS

42.     Plaintiff Ducksworth brings Counts II-V of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the California Class defined above.

43.     The members of the California Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the California Class.

44.     Plaintiff Ducksworth will fairly and adequately represent and protect the interests of the California Class because there is no conflict between the claims of Plaintiff Ducksworth and those of the California Class, and Plaintiff's claims are typical of the claims of the California Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

45.     There are questions of law and fact common to the proposed California Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Defendant has violated and continues to violate California law through its policy or practice of not paying its hourly workers overtime compensation, and failing to provide them with meal and rest breaks.

46.     Plaintiff Ducksworth's claims are typical of the claims of the California Class Members in the following ways, without limitation: (a) Plaintiff Ducksworth is a member of the

California Class; (b) Plaintiff Ducksworth's claims arise out of the same policies, practices and

course of conduct that form the basis of the claims of the California Class; (c) Plaintiff

Ducksworth's claims are based on the same legal and remedial theories as those of the California

Class and involve similar factual circumstances; (d) there are no conflicts between the interests

of Plaintiff Ducksworth and the California Class Members; and (e) the injuries suffered by

Plaintiff Ducksworth are similar to the injuries suffered by the California Class Members.

47.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions

of law and fact common to the California Class predominate over any questions affecting only

individual Class Members.

48.     Class action treatment is superior to the alternatives for the fair and efficient

adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions

would entail. No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the

fair and efficient adjudication of this controversy. The California Class Members are readily

identifiable from Defendant's own records. Prosecution of separate actions by individual

members of the California Class would create the risk of inconsistent or varying adjudications

with respect to individual California Class Members that would establish incompatible standards

of conduct for Defendant.

49.     A class action is superior to other available methods for adjudication of this

controversy because joinder of all members is impractical. Further, the amounts at stake for

many of the California Class Members, while substantial, are not great enough to enable them to

maintain separate suits against Defendant.

50.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Ducksworth and the California Class. Plaintiff Ducksworth envisions no difficulty in the management of this action as a class action.

## COUNT I
### FLSA – Overtime Wages
### (On Behalf of Plaintiffs and the FLSA Collective)

51.     All previous paragraphs are incorporated as though fully set forth herein.

52.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

53.     Defendant is subject to the wage requirements of the FLSA because Defendants is an "employer" under 29 U.S.C. § 203(d).

54.     At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

55.     During all relevant times, Plaintiffs and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

56.     Plaintiffs and the FLSA Collective Members are not exempt from the requirements of the FLSA.

57.     Plaintiffs and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

58.     Defendant, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiffs and the FLSA Collective members for their overtime hours worked by

misclassifying Plaintiffs and the FLSA Collective Members as exempt from the overtime requirements of the FLSA.

59.    Defendant knowingly failed to compensate Plaintiffs and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

60.    In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

61.    In violating the FLSA, on information and belief, Defendant did not have any good faith basis to rely on any legal opinion or advice to the contrary.

**COUNT II**
**California Labor Code §§ 510 and 1194**
**(On Behalf of Plaintiff Ducksworth and the California Class)**

62.    All previous paragraphs are incorporated as though fully set forth herein.

63.    The actions of Defendant as set forth above violate California Labor Code §510, which requires an employer to compensate employees at one-and-a-half times the employee's regular rate of pay for all hours worked in excess of eight, up to and including 12 hours in a workday, and double the employee's regular rate of pay for all hours worked in excess of 12 in a workday.

64.    Defendant failed to pay Plaintiff Ducksworth and other individuals who worked for Defendant providing training and support to Defendant's clients in using electronic recordkeeping systems in California overtime at the appropriate rate required by Cal. Lab. Code §510, since it had a policy of only paying these individuals at a straight hourly rate.

65.    Pursuant to Cal. Lab. Code §1194, Plaintiff Ducksworth and other individuals who worked for Defendant providing training and support to Defendant's clients in using

electronic recordkeeping systems in California are entitled to recovery of unpaid overtime compensation, as well as attorneys' fees and costs.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Defendant in California.

**COUNT III**
**California Labor Code §§ 226.7 and 512**
**(On Behalf of Plaintiff Ducksworth and the California Class)**

66.     All previous paragraphs are incorporated as though fully set forth herein.

67.     The conduct of Defendant, as set forth above, in failing to provide individuals who worked for Defendant providing training and support to Defendant's clients in using electronic recordkeeping systems with meal and rest breaks during their workdays, which are up to 12 hours long, constitutes a violation of Cal. Lab. Code §§ 226.7 and 512, which require an employer to provide a meal period of at least 30 minutes for any shift over 5 hours, to be provided within the first 5 hours; and a second meal period off at least 30 minutes for shifts over 10 hours.  The actions of Defendant also constitute a violation of the rest break requirement contained in Cal. Lab. Code 226.7, which requires an employer to provide rest breaks of no less than 10 minutes for every 4 hours worked.  This claim is brought on behalf of a class of similarly situated individuals who have worked for Defendant in California.

**COUNT IV**
**California Labor Code § 203**
**(On Behalf of Plaintiff Ducksworth and the California Class)**

68.     All previous paragraphs are incorporated as though fully set forth herein.

69.     Defendant's failure to pay wages due to Plaintiff Ducksworth and California Class Members as alleged above was willful in that Defendant knew wages were due but failed to pay them.

70.     Plaintiff Ducksworth and California Class members who no longer work for Defendant are entitled to penalties under Cal. Lab. Code § 203, which provides that, if an employer willfully fails to pay an employee all wages due within 72 hours of their termination, the employee's wages shall continue as a penalty until paid for a period of up to 30 days from the time they were due.

**COUNT V**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(On Behalf of Plaintiff Ducksworth and the California Class)**

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     The conduct of Defendant, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). The conduct of Defendant constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code Sections 203, 226.7 and 512.  As a result of Defendant's unlawful conduct, Plaintiff Ducksworth and California Class members suffered injury in fact and lost money and property, including, but not limited to unpaid overtime wages, and unpaid meal and rest breaks. Pursuant to California Business and Professions Code § 17203, Plaintiff Ducksworth and California Class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff Ducksworth and class members who worked for Defendant in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the Class and Collective Action Members:

a.   An order permitting this litigation to proceed as a collective action pursuant to 29

U.S.C. § 216(b);

b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the California Class;

d.  An order appointing Plaintiffs' attorneys as Class Counsel;

e.  Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

f.  Liquidated damages to the fullest extent permitted under the law;

g.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h.  Such other and further relief as this Court deems just and proper.

Dated:  July 15, 2019                      Respectfully submitted,

                                           JAWONA DUCKSWORTH and
                                           AYO ARASANMI
                                            individually and on behalf of others similarly
                                           situated,

                                           By their attorneys,

                                           /s/ Harold Lichten
                                           Harold Lichten
                                           Olena Savytska
                                           LICHTEN & LISS-RIORDAN, P.C.
                                           729 Boylston St., Suite 2000
                                           Boston, MA 02116
                                           Telephone: (617) 994-5800
                                           Facsimile: (617) 994-5801
                                           hlichten@llrlaw.com
                                           osavytska@llrlaw.com

David M. Blanchard (P67190)*
Frances J. Hollander (P82180)*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Shanon J. Carson*
Sarah R. Schalman-Bergen*
Alexandra K. Piazza*
BERGER & MONTAGUE, P.C.
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

*Attorneys for Plaintiffs
and the Proposed Classes*

*\*Application for admission to be filed.*